IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:17-CV-112-FL

| | | |
|---|---|---|
| BARBARA L. ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| EAST CAROLINA UNIVERSITY; JOHN | ) | |
| MARK WILLIAMS M.D., in his | ) | |
| individual capacity; MARK D. | ) | |
| IANNETTONI M.D., in his individual | ) | |
| capacity; JODY COOK MS, RN, CPHRM, | ) | |
| in her individual capacity; MAGMUTUAL | ) | |
| INSURANCE COMPANY d/b/a | ) | |
| MAGMutual Insurance Agency, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

This matter came before the court today for telephonic status conference pursuant to Federal

Rule of Civil Procedure 16, at which counsel Mary-Ann Leon appeared for plaintiff; Stephanie Ann

Brennan appeared for defendant East Carolina University ("ECU") and appeared upon the court's

request as courtesy counsel on behalf of the individual capacity defendants; and Jonathan A.

Berkelhammer and Kelly Margolis Dagger appeared for defendant MAGMutual Insurance Company

("MAGMutual"). The court memorializes herein determinations made at conference.

A.      Pending Motion

In light of discussion at conference, as well as imposition of the preliminary discovery and

briefing schedule noted herein, plaintiff's motion for temporary restraining order and preliminary

injunction (DE 4) is DENIED WITHOUT PREJUDICE.

B.      Notice of Appearances

As discussed at conference, counsel for ECU presently is evaluating potential representation of the individual capacity defendants, John Mark Williams, Mark D. Iannettoni, and Jody Cook. Counsel for ECU is DIRECTED to file a notice of appearance in the event of such representation by **September 5, 2017.**

C.      Extension of Time to Answer

Defendant MAGMutual moved at conference for extension of time to answer. Upon consent of plaintiff, the motion is GRANTED and the deadline for MAGMutual to answer is **October 17, 2017,** consistent with the answer deadline of defendant ECU.

D.      Preliminary Discovery

1.      The parties at conference agreed to a limited period of preliminary discovery focused on certain issues bearing on potential amended motion for preliminary injunction, discussed herein. The parties shall propound and serve electronically written discovery on or before **September 6, 2017.** Responses thereto shall be served electronically by **September 15, 2017.**

2.      In the event of a dispute concerning discovery, the parties are DIRECTED to make good faith effort between the parties to resolve the matter. In the event of continued dispute, the complaining party shall convene a conference among the parties and this court by telephone through the office of the case manager, at (252) 638-8534. The party convening the conference shall send via facsimile transmittal directed to the case manager at (252) 638-1529, or by email to the case manager as directed, the submissions in discovery most directly bearing on the particular dispute, for the

court's review in advance of telephonic conference, and suggest several alternatives dates and times for conference, as agreed to by all parties.

E.    Protective Order

1.    Discovery in this case may be governed by a protective order. Counsel shall confer and then submit a jointly proposed protective order as soon as is practicable, no later than **September 13, 2017**.

2.    A jointly proposed protective order must include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause for issuance of the protective order pursuant to Federal Rule of Civil Procedure 26(c).

3.    Any proposed protective order must set out the procedure for filing under seal confidential documents, things, and/or information, pursuant to the requirements of Stone v. University of Maryland Medical System Corp., 855 F.2d 178, 180-181 (4th Cir. 1988). Specifically, a proposed protective order shall include the following language: "Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the

specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court."

4.      Before ruling on any motion to seal the court will give the public notice of the motion and a reasonable opportunity to challenge it. While individual notice is unwarranted, the court will docket the motion reasonably in advance of deciding the issue, or, where applicable, the court will notify persons present in courtroom proceedings of the motion. The court will rule favorably upon any motion to seal only after carefully weighing the interest advanced by the movant and those interests favoring public access to judicial documents and records, and only upon finding that the interests advanced by the movant override any constitutional or common law right of public access which may attach to the documents, things, and/or information at issue.

5.      The parties are directed to Section T of the court's Electronic Case Filing Administrative Policies and Procedures Manual, available online at http://www.nced.uscourts.gov/pdfs/cmecfPolicyManual.pdf, for information regarding how to file and serve sealed documents through the court's Case Management / Electronic Case Filing system ("CM/ECF").

F.      Amended Motion and Briefs

Plaintiff is DIRECTED to file an amended motion for preliminary injunction on or before

**September 22, 2017**, including specification of the injunctive relief sought and the defendants against whom the relief is sought. Defendants may file responses, if any, on or before **September 29, 2017.** Should defendant ECU and/or the individual capacity defendants deem response unnecessary, notice promptly shall be filed indicating no intent to file response. Plaintiff's reply, if any, shall be filed by **October 4, 2017.** The parties may specify in their briefs whether they seek hearing on any issues raised by the amended preliminary injunction motion, and, if so, whether they seek to introduce evidence at such hearing.

G.     Case Scheduling

After all defendants have appeared and answered, the court will enter an initial order regarding planning and scheduling that will set forth further case deadlines and requirements.

SO ORDERED, this the 1st day of September, 2017.


LOUISE W. FLANAGAN
United States District Judge